## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIOS[1] E. BRACEY, # B-60538,    )
    )
       Plaintiff,    )
    )
   vs.    )    **Case No. 14-cv-432-MJR**
    )
S.A. GODINEZ,    )
WEXFORD MEDICAL SOURCES, INC.,    )
MARC HODGE, MRS. TREADWAY,    )
MARK STORM, DR. PHIL MARTIN,    )
CLAUDIA DOWTY, JAMES OCHS,    )
and SAMUEL CLARK,    )
    )
       Defendants.    )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition.

More specifically, Plaintiff claims that in August 2013, he was examined by a Lawrence physician (Dr. Coe, who is not a Defendant) due to severe pain in his lower back related to a past injury (Doc. 1, p. 5). Dr. Coe ordered an x-ray and prescribed pain medication for Plaintiff.

On August 29, 2013, not long after this medical visit, Plaintiff slipped and fell on a wet floor outside his cell. Although he initially thought he was not injured, by the time he arrived at the yard he felt a sharp, extreme pain in his back. He asked Defendant Lieutenant

---

[1] Plaintiff's first name is spelled "Demetrius" in court records from his pending case in the Northern District of Illinois, *Bracey v. Doe*, Case No. 13-C-6641.

Ochs for help.  Defendant Ochs sent Plaintiff back to the housing unit, but refused to summon help and threatened to send Plaintiff to segregation (Doc. 1, p. 6).

Back at the housing unit, Plaintiff told Defendant Officer Clark about his injury and the fact that he had pre-existing back problems, and asked him for help to get medical attention.  Defendant Clark requested Defendant Nurse Dowty to see Plaintiff because he was in severe pain from the fall (Doc. 1, p. 7).  Defendant Dowty refused to see Plaintiff because he was not on her appointment list, and said he should put in a sick call slip.  Later in the day, Defendant Clark again contacted Defendant Dowty seeking help for Plaintiff.  She again refused to see him because she was too busy.  Plaintiff asked Defendant Clark to make a report of this contact, but Defendant Clark refused.  He did, however, contact the Health Care Unit again on Plaintiff's behalf.  He was told that because Plaintiff had just been there a few days before (apparently for the visit with Dr. Coe), they could do nothing for him and he should just wait for his prescribed pain medication to arrive, and "deal with the pain" in the meantime (Doc. 1, p. 8).  Plaintiff asked Defendant Clark for the name of the person in the Health Care Unit who had given this information, but Defendant Clark would not disclose it.

Plaintiff had to wait in extreme pain for days before he could see the doctor. Plaintiff asked for an MRI because his pain had been so much worse since the slip and fall (Doc. 1, p. 8).  However, that test was never given.  Plaintiff has received his prescribed pain medication, but it has had "little or no effect" on his daily, ongoing pain (Doc. 1, p. 9).  He claims to have made repeated requests to various medical staff for an MRI to find out why his pain has continued to be so extreme, to no avail.

Plaintiff filed grievances complaining about the inadequate medical care, and sent letters to the warden and assistant wardens (Defendants Hodge, Storm, and Treadway) and

Health Care Unit Administrator Defendant Martin, but nobody has addressed his complaints. He seeks a preliminary and permanent injunction for the provision of adequate medical care, as well as damages and other relief (Doc. 1, p. 21).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

**Count 1:** Defendant Dowty and an unknown (John/Jane Doe) medical provider contacted by Defendant Clark[2] refused to evaluate or treat Plaintiff, with deliberate indifference to his serious need for immediate medical care and pain relief following his slip and fall on August 29, 2014;

**Count 2:** Defendant Ochs refused to summon medical assistance for Plaintiff, with deliberate indifference to his serious need for immediate medical care and pain relief following his slip and fall on August 29, 2014.

However, Plaintiff has failed to state a claim for deliberate indifference against any other named Defendant, or against any medical provider, for the failure to provide effective pain relief or to order further diagnostic testing **(Count 3)**. This claim shall be dismissed without prejudice, but Plaintiff shall be allowed an opportunity to amend his complaint with respect to this count, as outlined below.

Additionally, liability cannot be imposed upon those supervisory Defendants who received complaints from Plaintiff, but were not personally involved in his medical care. Nor does Plaintiff state a constitutional claim for any violation of the health care privacy law that

---

[2] This is the individual who told Defendant Clark on August 29, 2013, that Plaintiff should just wait for his medication and "deal with the pain" until it arrived. Although Defendant Clark would not reveal this person's name to Plaintiff, he may proceed with a deliberate indifference claim against this John/Jane Doe Defendant, and may amend his complaint to include the name once he is able to discover it.

may have occurred when unknown medical staff discussed Plaintiff's prior medical visit with Defendant Clark.  Finally, Defendant Clark's conduct does not evince any deliberate indifference to Plaintiff's need for medical care following his fall.  These claims and Defendants shall also be dismissed, with one exception.

Defendant Hodge shall remain in the action for the purpose of responding to any discovery requests Plaintiff may submit in order to discern the identity of the John/Jane Doe medical provider in Count 1, as well as any unknown Defendants in Count 3.  *See Santiago v. Walls*, 599 F.3d 749, 763-64 (7th Cir. 2010); *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996) (plaintiff should be allowed to discover identities of parties who may have violated his rights).

## Count 3 – Deliberate Indifference to Ongoing Back Pain

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  *See also Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (medical provider who had no contact with prisoner was not personally involved in treatment and could not be held liable under §1983; *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009).  Plaintiff never identifies which medical provider(s) he told about his severe ongoing pain over the weeks and months that followed his slip and fall.  The complaint does not indicate that any medical staff was aware that Plaintiff's current prescriptions have not been effective to alleviate his distress.

In order to establish deliberate indifference to a serious medical need, a plaintiff must show that a prison official acted or failed to act despite his knowledge of a serious risk of

harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *see also Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted) (a delay in treatment that "exacerbated the injury or unnecessarily prolonged an inmate's pain" may constitute deliberate indifference). The mere fact that a prescribed treatment has proven ineffective does not rise to the level of deliberate indifference. *Duckworth v. Ahmad,* 532 F.3d 675, 680 (7th Cir. 2008); *but see Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (lengthy course of ineffective treatment, and refusal to order testing or specialist referral over a two-year period during which plaintiff suffered from ulcer suggested deliberate indifference).

Other than Defendant Dowty, the only other medical defendant Plaintiff includes in the action is Health Care Unit Administrator Phil Martin. Defendant Martin received complaints from Plaintiff, but there is no indication he was personally involved in making decisions about Plaintiff's medical treatment. If Plaintiff chooses to submit an amended complaint as to Count 3, he must identify the medical provider(s) from whom he sought treatment for his serious pain, and must include sufficient factual allegations to demonstrate their deliberate                                                                                                    indifference.

As to Plaintiff's request for an MRI, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Medical negligence or even malpractice does not violate the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). The Court will not second-guess a medical provider's decision regarding whether a specific diagnostic test is medically necessary. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (courts will not

take sides in disagreements with medical personnel's judgments or techniques).  Thus, Plaintiff shall confine his allegations in **Count 3** to the issue of the treatment/non-treatment of his back pain.

At this time, Defendant Martin shall be dismissed from the action without prejudice, because he is not alleged to have been personally involved in Plaintiff's medical care, and the complaint does not suggest he was deliberately indifferent to Plaintiff's need for pain relief.

## Dismissal of Supervisory Defendants

A prison administrator's role in responding to inmate grievances or complaints does not constitute "personal involvement" in the constitutional deprivation that gave rise to the grievance.  Even the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause").  Further, the doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Even the allegations of "negligent supervision" against these Defendants fails to amount to a constitutional violation.  A defendant can never be held liable under § 1983 for negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Plaintiff alleges that he wrote to Defendants Godinez (IDOC Director), Hodge (Lawrence Warden), Treadway (assistant warden), and Storm (assistant warden) to complain about the inadequacy of his medical care.  Plaintiff's exhibits reveal that the primary focus of his

requests to these Defendants was the failure to respond to his grievances (Doc. 1-1, pp. 26-28; 38-50). Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's right to maintain a § 1983 suit over the substantive matters raised in the grievances. *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). However, neither these complaints nor the fact that some of these Defendants held supervisory authority over the medical staff is sufficient to impose liability in a civil rights action.

Further, if a prisoner is under the care of prison medical professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Accordingly, Defendants Godinez, Treadway, and Storm shall be dismissed from the action without prejudice.

For the above reasons, Plaintiff has also failed to state a claim against Defendant Hodge for violation of his constitutional rights. However, Defendant Hodge shall remain in the action in order to facilitate the discovery of the unknown Defendant in Count 1, as well as any unknown Defendants who may be liable under Count 3 if Plaintiff submits an amended complaint.

**Dismissal of Defendant Wexford Medical Sources, Inc.**

The Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case deliberate indifference to Plaintiff's serious medical needs, only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights.

See *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).  Plaintiff has not alleged that any policy or practice of Wexford Medical Sources, Inc., was the cause of the alleged deficiencies in his medical care.  Therefore, Defendant Wexford shall also be dismissed without prejudice.

**Dismissal of Defendant Clark**

Of all the named Defendants, Officer Clark was the only person who responded to Plaintiff's distress by attempting, three different times, to summon medical help for him.  Far from being deliberately indifferent to Plaintiff's condition, Defendant Clark took reasonable steps to respond to his needs.  Plaintiff's complaints that Defendant Clark refused to write a report and refused to tell Plaintiff the name of the health care worker who disclosed information regarding his recent medical visit are of no consequence to this civil rights action.  The failure to follow institutional rules regarding documentation of an incident or injury does not violate the Constitution.  *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001); *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989) (a federal court does not enforce state laws or regulations).  Additionally, a purported violation of the statute which regulates disclosure of a patient's medical information does not state a civil rights claim.

Plaintiff has failed to state a constitutional claim upon which relief may be granted against Defendant Clark.  He shall be dismissed from the action with prejudice.

**Pending Motion**

Plaintiff has fully prepaid the filing fee for this action.  His motion for service of process at government expense (Doc. 3) shall be **GRANTED IN PART AND DENIED IN**

**PART.** Service shall be ordered below on those Defendants who remain in the action. No service shall be made on the dismissed Defendants.

**Disposition**

The Clerk is **DIRECTED** to add **DEFENDANT JOHN/JANE DOE (Medical Staff on duty on August 29, 2013)** as a party to this action, in connection with **COUNT 1.**

**COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **GODINEZ, WEXFORD MEDICAL SOURCES, INC., TREADWAY, STORM,** and **MARTIN** are **DISMISSED** from this action without prejudice. Defendant **CLARK** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed on his claim in **COUNT 3** for deliberate indifference to his ongoing need for pain relief, Plaintiff shall file an amended complaint (to be labeled "First Amended Complaint"), within 35 days of the entry of this order (on or before June 18, 2014). If the amended complaint still fails to state a claim as to Count 3, or if Plaintiff does not submit an amended complaint, the dismissal of Count 3 shall become a dismissal with prejudice. The amended complaint shall be subject to review pursuant to § 1915A.

The First Amended Complaint must identify the individual medical provider(s) directly and personally responsible for the alleged deprivations in **Count 3**, and should state any facts which may exist to support a deliberate indifference claim against those Defendant(s).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, and in addition to Count 3, must also

contain the allegations in Counts 1 and 2, which shall receive further review as determined above.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of Count 3 becoming a dismissal with prejudice.  Review of Counts 1 and 2 shall proceed whether or not Plaintiff submits an amended complaint.

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form, in order to assist him in preparing an amended complaint.

With respect to **Counts 1 and 2,** the Clerk of Court shall prepare for Defendants **HODGE, DOWTY** and **OCHS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John/Jane Doe) Defendant(s) until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 14, 2014**

s/ MICHAEL J. REAGAN
United States District Judge